Exhibit A

| | |
|---|---|
| US District Court, County of El Paso, Colorado<br>270 South Tejon Street,<br>Coloradó Springs, Colorado, 80903<br>Plaintiff:<br>David H. Hanson,<br>2077 Windham Way<br>Colorado Springs, Colorado 80906<br>719-351-3043 dhhhanson@gmail.com<br>Defendant:<br>COSTCO WHOLESALE CORPORATIONS<br>999 Lake Dr., ISSAQUAH, WA 98027,<br>Registered Agent:<br>C T Corporation 7700 E Arapahoe Rd, Ste 220, Centennial, CO 80112 | DATE FILED<br>August 9, 2024 3:45 PM<br>CASE NUMBER: 2024CV363<br><br>FILED IN THE DISTRICT & COUNTY COURTS OF EL PASO COUNTY COLORADO<br>AUG 09 2024 AA<br>SHERI KING<br>CLERK OF COURT<br><br>CASE # 24CV00363 DIV. 15 |

COMPLAINT

Comes now Plaintiff, David H. Hanson, pro se, and seeks relief from Defendant for negligence causing damages and punitive damages. Plaintiff is seeking an amount of $250,000.00 for negligence causing damages plus $250,000.00 in punitive damages from Defendant.

JURY DEMAND

Plaintiff demands a trial by jury.

JURISDICTION

Diversity:

Plaintiff is a resident of and domiciled in the city of Colorado Springs, El Paso County, Colorado.

Defendant is a Corporation(s) with Principal offices at 999 LAKE DRIVE, ISSAQUAH, WA 98027, Seattle, WA 98124 under the jurisdiction of US Washington State.

Defendant has retail outlets in the State of Colorado with a registered agent C T Corporation, 7700 E Arapahoe Rd. Ste 220, Centennial, CO 80112.

## INTRODUCTION

On or about December 21, 2023, Plaintiff, a member of Defendant's wholesale membership program, was walking on a Defendant provided walkway (path) assuming it to be a safe and secure passage to and from Plaintiffs automobile to the contingent wholesale warehouse building. A parking block (block) used to keep automobiles from progressing onto the walk was not anchored in its proper place but was allowed/placed by Defendant to lay, in part, on the path in Defendant's "parking lot" (lot) of their Wholesale store/outlet located at 5050 N Nevada Ave, Colorado Springs, CO 80918, wholly owned and operated by Defendant being visited by member Plaintiff.

Defendant openly invites members, individual's and business owners to its location, providing parking for the public (public). The designated path is provided by Defendant, for the public's safe passage to and from the parking slot of Plaintiff's automobile to and from the wholesale facility. Plaintiff, availing himself to the use of the path, tripped on an out of place block on the path.

Plaintiff was unaware a block was not anchored in its proper place and was moved onto the path. Plaintiff did not see it had been moved/placed onto the path.

Plaintiff, while properly using the path, tripped by the block fell onto the walk hitting his face and body, receiving damages to his physical being and mental condition in the incident (incident) caused by Defendant's negligence and lack of duty by action/inaction in failing to provide a safe passage on the path for public use, including Plaintiff's, by allowing/placing a block onto the path away from its proper location.

The Colorado Springs Fire Department was summond to evaluate and treat damages to Plaintiff and an ambulance service was summond to transport Plaintiff to a local emergency hospital as observed by a Defendant's employee.

Plaintiff suffered damages as a result of the "negligence and failure of the duty" (negligence) of Defendant.

## COMPLAINT

Due to Defendants negligence and its action/inaction, Plaintiff experienced damages in the incident as follows:

(a) brain injury, requiring ongoing professional medical evaluations and scans,

(b) broken nose, requiring a medical procedure in the future to rebreak the nose and reset it,

(c) facial lascerations requiring sutures,

(d) shattered dental dentures, needing professional repair, and cutting mouth area causing pain and suffering.

(e) administration by fire Department personnel and of emergency services,

(f) experienced dizziness and articulationed loud verbal outbursts heard by both passersbys and

a representative of the Defendant observing the incident upon their arrival,

(g) loss of consciesness as garnered from observations of witnesses and emergency treatment by Fire Department personnel,

(h) transport to a local emergency hospital by ambulence for immediate treatment.

(i) Months of brain scans following the incident to monitor swelling of the brain.

Within days following the incident, Defendant removed the block from the path, replaced it to its original position at the end of a parking slot and belatedly anchored it in place so it would be difficult to be moved and not to become an obstruction on the path.

Plaintiff complains Defendant caused damages which were incured by negligence by his wanton neglect and failure in its duty.

NEGLIGENCE AND BREACH OF DUTY

A block in the lot, owned and maintained by Defendant, was allowed/caused by Defendant to lay on top of a designated path used by Plaintiff. Plaintiff was unaware of the block prohibiting free and safe passage and tripped on the block resultinging in damages. Blocks in the lot have holes from the manufacturer/fabricator to be used to anchor blocks in its designated place for the express purpose of keeping an operator of a vehicle within the limit it should proceed in the parking slot.

It is the duty of Defendant to provide a safe passage from the parking area to the wholesale facility on a path when said path has been provided and marked for such a purpose.

Plaintiff tripped on the out of place block lying, in part, across the path while using a the path owned, provided and maintained by Defendnt not knowing a block was on the path causing an obstruction to safe and unobstructed travel.

As of this action, not all blocks in the lot have been anchored in their proper places. Defendant was negligent by:

1. Defendant owns, designed, provides and maintains a path for Plaintiff and others use. Defendant owed Plaintiff a duty to maintain the path in a safe and secure manner without obstructions, Plaintiff availed himself of the use of the path expecting it to be safe, secure and without obstuctions. Defendant did not perform his duty owed to Plaintiff to maintain the path in a safe and secure manner without obstruction.

2. Defendant breached its duty to Plaintiff to provide a safe, secure and without obstuctions manner and caused harm to Plaintiff.

3. Defendant caused damages suffered by Plaintiff and were caused by the Defendant's negligence and breach of duty. But for the the breach of duty, the incident and damages would not have happened.

4. Plaintiff was harmed and suffered damages by the negligence of Defendant who did not provide a safe, secure and without obstruction path for Plaintiff. Any reasonable person would observe and

understand that a danger was present and damages would be the result by the position of the block.

Defendant had prior knowledge of their failure to properly install blocks by ignoring requirements for the proper placement not done during construction of the facility in 2009 and an unsafe condition was knowingly created.

It was Defendant's duty to insure a block did not become an obstruction and cause damages to Plaintiff.

Defendant failed to anchor blocks in the lot during and after construction and, with prior knowledge of this fact, knew an unsafe condition would present itself to the Plaintiff.

TACIT ACKNOWLEDGMENT OF DEFENDANT OF KNOWN NEGLIGENT ACTIONS

Defendant showed a tacit underatanding of its negligent action/inaction. Within days of the incident, Defendant removed the block from the path, replaced it to its proper location and anchored it in its properly as Defendant understood an unsafe situation had been created. Defendant anchored blocks along the path but did not anchor all blocks in the lot leaving the possibily of an unanchored block being moved elsewhere and another incident to occur.

The action of Defendant to only anchor the blocks along the path, knew they were negligent in not previously anchoring the blocks and had a duty to have all blocks properly anchored.

RESPONSIBILTY

Defendant had the duty to insure the Plaintiff's safety and insuring the path had no obstructions. The Defendant did not perform their duty and obligation.

Defendant has caused damages to Plaintiff by its negligence.

PUNITIVE DAMAGES

Defendant acted in a grossly negligent and reckless manner by "wanton and willful misconduct" in not attending to the impending danger of misplaced block(s).

Punitive damages are to punish and deter the Defendant and others from engaging in willful misconduct that could cause harm. Without punitive damages being awarded to show Defendant and others of the dangers without anchoring the blocks, awarding of Punitive damages by a monetary award in a Court decision, Defendant's duty and those with public lots to maintain blocks/lots in a safe condition can be ignored at the expense of the public.

Unless Defendant and others have anchored all blocks in their lot, they have accepted the probability of further unwarranted damage to the public and Plaintiff. The risk continues to exist as

Defendant has taken no action to rectify the entire problem. The awarding of punitive damages will deter those with public lots, including Defendant, from ignoring their duty to make their lots safe and secure.

If Defendant is allowed to continue in its willful misconduct, others with lots with unsafe conditions may continue in their actions/inactions to the publics detriment. A monitary punitive judgment for this violation of public trust and duty will make the Defendant and others know there is a need to correct this danger. This will make for a safer environment for the elimination in all public lots to ensure their lots are safe for the public and inform the lot owner aware of unsafe conditions.

The purpose of the Punitive/Exemplary damages allowing the danger to continue must be addressed universally by this court's decision to avoid such incidents. Punitive damages are necessary to make Defendant and others to proceed to correct their duty, in public lots, and to ensure the public that a safe environment exists.

CONCLUSION

Defendant showed negligence by failing in its duty, causing damages to Plaintiff by their wanton disregard for Plaintiff's safety. Any reasonable person would believe, comprehend and understand this negligence may result in damages to an individual upon tripping on an obstruction.

It was a foreseeable likelihood that the lack of duty and care would result in damages. Defendant inflicted damages upon Plaintiff by their negligence.

RELIEF

Plaintiff pleads this honorable Court to find in favor of and award Plaintiff in the amount of $250,000.00 for Defendant's negligence and breach of duty resulting in damages.

Plaintiff pleads this honorable Court to find in favor and award Plaintiff in the amount of $250,000.00 in punitive damages as a detriment to both Defendant and other lot owners to protect the public from this negligence and breach of duty.

Respectfully submitted

David H. Hanson, Plaintiff
2077 Windham Way
Colorado Springs, CO 80906

## CERTIFICATE OF SERVICE

Plaintiff certifies on this 9th dy of August, 2024 a true and complete copy of the foregoing complaint was provided to Trailfinder, Inc., a registered Process Server to be served on Defendant's Registered Agent:

TO

C T Corporation

7700 E Arapahoe Rd, Ste 220,

Centennial, CO 80112

David H. Hanson, Plaintiff

6430301039

# 2077 WINDHAM WAY

Total Market Value

$392,474





## OVERVIEW

| | |
|---|---|
| Owner: | **HANSON SHARON J** |
| Mailing Address: | **2077 WINDHAM WAY COLORADO SPRINGS CO, 80906-3357** |
| Location: | **2077 WINDHAM WAY** |
| Tax Status: | **Taxable** |
| Zoning: | **PUD** |
| Plat No: | **C00210** |
| Legal Description: | **CONDOMINIUM UNIT 17 OF OLD BROADMOOR ROAD CONDOMINIUM PHASE I SUPPLEMENTAL MAP FOUR IN ACCORDANCE WITH THE CONDOMINIUM DECLARATION RECORDED NOVEMBER 28, 1983 IN BK 3807 AT PG 864 AND THE CONDOMINIUM PLAT RECORDED NOVEMBER 29, 1983 IN PLAT BK 3 AT PG 77 OF THE EL PASO COUNTY RECORDS** |

## MARKET & ASSESSMENT DETAILS ?

| | Market Value | Assessed Value |
|---|---|---|
| Land | **$86,000** | **$5,760** |
| Improvement | **$306,474** | **$20,530** |
| Total | **$392,474** | **$26,290** |

## LAND DETAILS

| SEQUENCE NUMBER | LAND USE | ASSESSMENT RATE | AREA | MARKET VALUE |
|---|---|---|---|---|
| 1 | CONDOMINIUMS | 6.700 | 0 SQFT | $86,000 |

## BUILDINGS DETAILS

### CONDO <= 3 STORIES (1)

Market Value **$306,474**

| | | | |
|---|---|---|---|
| Assessment Rate | **6.700** | Above Grade Area | **1,530** |
| Bldg # | **1** | First Floor Area | **1,530** |
| Style Description | **CONDO <= 3 STORIES** | Above First Floor Area | **0** |
| Property Description | **CONDO UNIT** | Lower Level Living Area | **0** |
| Year Built | **1983** | Total Basement Area | **1,530** |
| Dwelling Units | **1** | Finished Basement Area | **730** |
| Number of Rooms | **7** | Garage Description | **Attached** |
| Number of Bedrooms | **3** | Garage Area | **431** |
| Number of Baths | **2.50** | Carport Area | **-** |

## SALES HISTORY

| | SALE DATE | SALE PRICE | SALE TYPE | RECEPTION |
|---|---|---|---|---|
| - | 04/11/2016 | $0 | - | 216036765 |

| | | | |
|---|---|---|---|
| Schedule No | **6430301039** | Reception | **216036765** |
| Book | **-** | Page | **-** |
| Balloon | **-** | PP/Good Will | **$0** |
| Related Parties | **-** | Trade/Exch | **-** |
| Condition | **-** | Term | **Month(s): 0** |
| Financing | **New 0% Fixed** | Amt. Financed | **$0** |
| Down Pmt | **$0** | Doc Type | **BENEFICIARY DEEDS** |
| Grantee | **HANSON DAVID H** | Grantor | **HANSON SHARON J** |

| | SALE DATE | SALE PRICE | SALE TYPE | RECEPTION |
|---|---|---|---|---|
| + | 10/03/2003 | $210,000 | Arms-Length Sale | 203233254 |
| + | 10/16/1998 | $166,500 | Arms-Length Sale | 98150127 |
| | 12/09/1993 | $148,500 | Adjusted; may dif. w/doc fee | - |
| | 05/18/1992 | $145,071 | Arms-Length Sale | - |
| | 02/12/1991 | $139,000 | Arms-Length Sale | - |
| | 05/01/1986 | $0 | - | - |
| | 03/01/1984 | $0 | - | - |

## TAX ENTITY AND LEVY INFORMATION

County Treasurer Tax Information

Tax Area Code: **GBD** Levy Year: **2023** Mill Levy: **69.720**

| TAXING ENTITY | LEVY | CONTACT NAME/ORGANIZATION | CONTACT PHONE |
|---|---|---|---|
| EL PASO COUNTY | 6.862 | FINANCIAL SERVICES | (719)520-6400 |
| EPC ROAD & BRIDGE SHARE | 0.165 | - | (719)520-6498 |
| CITY OF COLORADO SPRINGS | 3.579 | CITY OF CS-CFO | (719)385-5224 |
| EPC-COLORADO SPGS ROAD & BRIDGE SHARE | 0.165 | - | (719)520-6498 |
| CHEYENNE MTN SCHOOL DISTRICT #12 | 55.000 | NATALIE MORIN | (719)475-6103 |
| PIKES PEAK LIBRARY DISTRICT | 3.061 | RANDALL A GREEN | (719)531-6333 |
| SOUTHEASTERN COLO WATER CONSERVANCY DISTRICT | 0.888 | JAMES BRODERICK | (719)948-2400 |

## MAP SHEET

Click to view Map Sheet 1
Click to view Map Sheet 2

Disclaimer

We have made a good-faith effort to provide you with the most recent and most accurate information available. However, if you need to use this information in any legal or official venue, you will need to obtain official copies from the Assessor's Office. Do be aware that this data is subject to change on a daily basis. If you believe that any of this information is incorrect, please call us at (719) 520-6600.